IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of: | BK NO. 19-10717 |
| | CHAPTER 7 |
| DRAGAN MICIC, | |
| Debtor. | |
| | JUDGE JACK B. SCHMETTERER |
| FIFTH THIRD BANK, | |
| Plaintiff. | |
| v. | ADV NO. |
| DRAGAN MICIC, | |
| Defendant. | |

COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT

Now comes FIFTH THIRD BANK, its successors and/or assigns, (hereinafter referred to as "Plaintiff"), a creditor herein, by TERRI M. LONG, its attorney, and states as follows:

**Jurisdiction and Venue**

1. On April 12, 2019, the Debtor herein filed a petition for relief under Chapter 7 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334, 151 and 157.

3. Venue in this Court is proper pursuant to 28 U.S.C. §1408.

4. This matter is a Core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

**Facts Common to all Counts**

5. The Defendant held a credit card account with Plaintiff, account number ending with 9888, under which Plaintiff extended credit to Defendant under an open-ended credit card agreement (the "account").

6. On January 1, 2019, the account had a *zero balance*.

7. Then, in a *45-day period* from 1/1/19 to 2/14/19, Debtor made purchases and cash advances totaling **$12,170.71**. (See Exhibits A, B & C.)

8. Except for a few charges made in early January, *all* of these charges were made well within 90 days of the petition date.

**Count 1**

**False Pretenses, False Representation, and Actual Fraud**
**11 U.S.C. §523(a)(2)(A)**

9. Plaintiff adopts and incorporates by reference all the allegations contained in paragraphs 1-8.

10. Pursuant to 11 U.S.C. §523(a)(2)(A), money, property, services, or an extension, renewal, or refinancing of credit are nondischargeable to the extent that they are obtained by false pretenses, a false representation, or actual fraud.

11. Defendant obtained money, property, and/or services through an extension of credit advanced by the Plaintiff on the credit card Account.

12. The Defendant was insolvent at the time of each and every transaction.

13. Defendant knew, or should have known, at the time of each transaction that she could not afford to repay Plaintiff.

14. Defendant made the purchases outside of his usual spending pattern (which was no charges at all) and in a "shopping spree" fashion—from a $0.00 balance to a more than $12,000.00 balance in a very short period of time, and clearly in anticipation of filing this bankruptcy.

15. The Defendant, as such, falsely represented his ability and intent to repay Plaintiff, and Plaintiff reasonably relied upon such representations to its detriment.

16. The money, property, and/or services obtained by the Defendant through the credit card account, and the credit advanced by the Plaintiff on the account, were obtained by Defendant's false representations, false pretenses, or actual fraud.

17. As such, Defendant's debt to Plaintiff is nondischargeable pursuant to 11 U.S.C.§523(a)(2)(A).

### Count 2
### Presumption of Nondischargeability
### 11 U.S.C. §523(a)(2)(C)(i)(I)

18. Plaintiff adopts and incorporates by reference all the allegations contained in paragraphs 1-17.

19. Charges made by the Defendant and financed by the Plaintiff total more than $675.00; and of the charges totaling $12,170.71, the sum of $8,726.62 was charged within the 90 days prior to the filing of the Defendant's bankruptcy petition; and *every charge* was for a luxury good or service as defined by the Code.

20. Because of these facts, there is a statutory presumption that the charges are nondischargeable.

### Count 3
### Money Judgment

21. Plaintiff adopts and incorporates by reference all the allegations contained in paragraphs 1-20.

22. The total of the charges presumed to be nondischargeable is $12,170.71.

23. Upon finding that the debt is nondischargeable, Plaintiff is entitled to a money judgment.

WHEREFORE, FIFTH THIRD BANK, its successors and/or assigns, prays for the entry of an order granting it relief as follows:

1. Declaring that the amount of $12,170.71 is nondischargeable under 11 U.S.C. §523(a)(2)(A) and (a)(2)(C)(i)(I); *and*
2. A money judgment in the same total amount, *plus* interest at the statutory rate from the date of judgment, *plus* its costs and attorneys fees incurred herein; *and*
3. Any other legal or equitable relief that the court deems just.

FIFTH THIRD BANK, its Successors and/or Assigns

BY: _____/s/ Terri M. Long_____
　　　　　TERRI M. LONG

Terri M. Long
LAW OFFICES OF TERRI M. LONG
2056 Ridge Road
Homewood, Illinois  60430
Phone: (708) 922-3301
Fax   : (708) 922-3302
Atty. for Plaintiff, FIFTH THIRD BANK